# In the United States Court of Federal Claims

No. 23-247
Filed: March 2, 2023

|  |  |
|---|---|
| GABRIEL W. DONNELLY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

Gabriel W. Donnelly, pro se.

## OPINION AND ORDER

**MEYERS, Judge**.

    Gabriel Donnelly is currently detained and awaiting trial on certain criminal charges in Alaska. He has brought this and one other case, No. 22-1634, challenging his detention and prosecution by Alaska officials in a state criminal matter. In this case, Donnelly repeats many of the same allegations he made in his prior case. And for the same reasons this Court lacks jurisdiction to hear his prior case, the Court lacks jurisdiction over this case and must dismiss.

    It is not clear from the brief complaint what Donnelly is accused of doing and why he is currently detained awaiting trial. ECF No. 1 at 1-3.[1] Donnelly is challenging a criminal proceeding in Alaska's Third Judicial District Court in Palmer, Alaska. *Id*. at 1-2. He accuses the state court of using the Covid 19 pandemic "as an excuse" for continuing to delay his trial and keeping him detained for 785 days without trial. *Id*. at 2. He raises numerous allegations about the performance of his public defender, the judge, and the district attorney involved in his case, alleging that they are all violating his rights. As a result, Donnelly argues that the state court is trying to convict him without evidence in violation of his rights. Thus, he asks this Court to "dismiss criminal case with extreme prejudice" and waive Alaska's sovereign immunity. *Id*. at 4.

    Because Donnelly is incarcerated, the Court reviews his complaint pursuant to 28 U.S.C. § 1915A to determine whether dismissal is appropriate. Although the statute addresses dismissal for failure to state a claim, the Court's review of Donnelly's claim makes clear the lack of

---

[1] The Court cites to the ECF header when citing ECF No. 1.

subject matter jurisdiction, which the Court must address. *E.g.*, *Visual Connections, LLC v. United States*, 120 Fed. Cl. 684, 689 (2015) (collecting cases). This review leads the Court to conclude that it lacks subject-matter jurisdiction over Donnelly's claims and dismiss this action. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action . . . ." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted). If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

It is clear the Court lacks jurisdiction and must dismiss this case. First, this Court "does not have jurisdiction over criminal matters." *Cooper v. United States*, 104 Fed. Cl. 306, 311 (2012) (citing *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981)). Nor can this Court review the decisions of state courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("To the extent that [the prisoner] asked the [Court of Federal Claims] to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, the [Court of Federal Claims] does not have the authority to review such decisions.") (citations omitted); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("[T]his court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals . . . ."). And much of Donnelly's complaints about his prosecution involve his contention that there is no evidence against him. ECF No. 1 at 2-3. That, however, is what his criminal trial will determine and is not something this Court may opine on or resolve.

Second, it appears that Donnelly is claiming that the various attorneys and judge involved in his state criminal prosecution are the ones causing his alleged harm.[2] But this Court lacks jurisdiction to hear claims against any party other than the United States. *E.g.*, *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Thus, the Court cannot entertain Donnelly's claims against

---

[2] Donnelly alleges that these actors are delaying his trial for nearly 800 days in violation of the Speedy Trial Act. ECF No. 1 at 1-2. This Court considered transferring this matter under 28 U.S.C. § 1631 to the appropriate district court in Alaska to consider Donnelly's Speedy Trial Act claims. But Donnelly alleges in Case No. 22-1634 that he has already been to district court, the Ninth Circuit, and the Supreme Court seeking relief under the act. Therefore, the Court does not transfer because the appropriate court has already addressed the issue.

these individuals, all of whom appear to be state employees. *Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979).

Third, although Donnelly alleges "breach of contract" as providing this Court jurisdiction, ECF No. 1 at 1, he does not plead any facts that would support any such claim. When a plaintiff brings a breach of contract claim, "there is a presumption in the civil context that a damages remedy will be available upon the breach of an agreement." *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021) (citations omitted).  In all but a few narrow circumstances not relevant here, this presumption satisfies the requirement for a money-mandating source of law.  *Id*.  In other words, the "general rule" is that "if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the [Court of Federal Claims] to decide whether the claim has merit." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021).  But, as with most general rules, there is an "exception . . . when the plaintiff's allegations are frivolous . . . ." *Id*.  Donnelly's contract allegations are frivolous.  For there to be a contract with the United States, there must be "mutual intent to contract including an offer and acceptance, consideration, and a Government representative who had actual authority to bind the Government." *California Fed. Bank, FSB v. United States*, 245 F.3d 1342, 1346 (Fed. Cir. 2001).  None are present here, nor could they be because there is not a single allegation that a federal official ever communicated with Donnelly or agreed to anything.  Therefore, the Court does not have jurisdiction to hear Donnelly's claims under its contract jurisdiction.

Therefore, the Court DISMISSES this action for lack of subject matter jurisdiction. RCFC 12(h)(3).  The Court also GRANTS Donnelly's motion for leave to proceed in forma pauperis, ECF No. 2.  The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge